CHARLES A. LORD *et al.*, plaintiffs in error, *v.* GEORGE W. BURKE, defendant in error.

*Error to Jersey.*

A petition for a *certiorari* set forth, in substance, that the petitioners resided in St. Louis, a distance of some forty or fifty miles from the place of trial; that they had employed an attorney to attend the collection of their debt, but had not authorized him to sign an appeal bond, should it become necessary; that the attorney, the day after the trial of the right of property, informed his clients by the next mail of the result thereof, and requested them to send a letter of attorney to authorize him to take an appeal and execute a bond for them; that the letter was executed and sent to him, but that it was not received by him until the sixth day after the trial, which was one day after the time allowed for an appeal in such cases. It further stated that the amount in controversy was so small that the petitioners could not afford to employ a messenger to go to St. Louis to procure the letter of attorney: *Held,* that sufficient diligence was not shown to authorize the *certiorari.*

CERTIORARI, in the Jersey Circuit Court, brought by the plaintiffs in error against the defendant in error, and heard before the Hon. Samuel D. Lockwood, at the May term 1847. Certiorari dismissed.

The facts of the case and the substance of the petition, on which the writ was issued, will be found in the Opinion of the Court.

Lord *et al. v.* Burke.

*W. K. Titcomb,* and *J. W. Chickering,* for the plaintiffs in error, submitted their points in writing:

The Court erred in sustaining the motion to dismiss the *certiorari.* Rev. Stat. 325.

I. It was not in the power of the defendants below to appeal in the ordinary way.

1. The time was five days. They were distant fifty miles, and knew nothing of a cause brought on for trial, the same day which saw it commenced. In what consists their negligence?

2. The first mail communicated the result, and asked for the means of appeal. Those means were immediately prepared and forwarded by the next mail. They arrived just in season to be too late. It would be unjust to require more diligence, to require expresses, special messengers, and enormous expense. The legislature has prescribed no such rule. Its Act is remedial, to be construed fairly for the correction of accidents, and in aid of the unfortunate. Mails are established for the convenience of the subject, to prevent the very expenses which the decision below would necessitate. Notice of the dishonor of bills through them is sufficient. What principle of destruction exists in the *certiorari* law, demanding that it be restrained by the certainty of a certain intent in every particular?

II. The petition does show an erroneous judgment. The mortgagor of a chattel, having the right of possession for a definite period, has an interest which may be levied on execution, and the purchaser acquires title subject to the incumbrance. *Bailey* v. *Burtin,* 8 Wend. 339; *White* v. *Cole,* 24 do. 117. The verdict was, that such an interest is not subject to levy.

*J. T. Stuart,* for the defendant in error, argued that the petition for the writ of *certiorari* did not show a state of facts sufficient to make it manifest that it was not in the power of the appellants to take an appeal in the ordinary way, and cited *Cushman* v. *Rice,* 1 Scam. 565; *White* v. *Frye,* 2 Gilm. 65.

The Opinion of the Court was delivered by

Denning, J. On the 22d day of September, A. D. 1846, Lord & McKee recovered a judgment against Charles Gla-zier, before James Harriott, a justice of the peace in and for Jersey county. On the 24th day of October following, an execution was issued and put into the hands of William Shepherd, a constable for said county, who, on the 27th day of the same month, levied the said execution on two horses and a buggy, which were in the possession of the said Gla-zier, he having previously given a mortgage on them to George W. Burke, to secure the payment of a debt to him, which was to fall due some eighteen months from the date of the levy. The said property was levied on subject to the mortgage. On the 28th of the same month, being the next day after the levy, Burke gave notice that he claimed the property in question, and of his intention to prosecute his claim. The trial of the right to said property took place on the same day, before the justice who issued the execution, and it was submitted to a jury, who found in favor of the claim-ant, whereupon an appeal was prayed by the counsel of Lord & McKee, and the same not having been perfected within the five days, as required by our statute, the case was taken up to the Jersey Circuit Court on a writ of *certiorari.*

At the May term of the Jersey Circuit Court, 1847, a mo-tion was made by the claimant, to dismiss the *certiorari,* which was sustained by the Court, and the *certiorari* dis-missed. Lord & McKee bring the case to this Court, by writ of error, and assign for error, the decision of the Court in dismissing the writ of *certiorari.*

Several points have been urged by the counsel for the plaintiffs in error, why the decision of the Court below should be reversed, but one of which it is considered ne-cessary by this Court to notice, inasmuch as upon this point the decision must turn. That is, whether the plaintiffs in error have used the necessary diligence required by our statute, in endeavoring to take an appeal to the Circuit Court of Jersey, in the ordinary way, from the trial of the

right of property, before the justice in Jersey couuty above named.

The petition for a writ of *certiorari*, or so much as has any particular bearing upon this point, is substantially as follows: The plaintiffs in error are residents of the city of St. Louis, a distance of some forty five or fifty miles from the place of 'trial. They had employed counsel to attend to the collection of the debt above specified, but had not empowered him to sign an appeal bond, in the event of its becoming necessary to appeal. On the 27th of October, 1846, the constable levied on the property in question, and the day following the trial took place, and by the next mail, the counsel of the plaintiffs in error informed them of the result of said trial, and requested them to send a power of attorney, authorizing the counsel to take an appeal, and execute an appeal bond for them, which was done by. the said plaintiffs, but the power of attorney did not reach the counsel until the sixth day after the said trial, one day after the time within which the appeal could have been taken. It is also averred that the amount in controversy was so small that the plaintiffs in error could not afford to employ a messenger to go to St. Louis for the purpose of getting the necessary power of attorney, to enable their counsel to execute an appeal bond in the case.

The Court have several times had occasion to pass upon the statute, in relation to the granting of writs of *certiorari*, and to say what is, or is not sufficient diligence to authorize a party desiring it to bring a case into the Circuit Court by this process.

It will be observed that this statute (Rev. Laws, 325, § 75,) is rather peculiar in its phraseology, and does not admit of as liberal a construction, as many have contended should be placed upon it.

Courts, doubtless, in construing statutes of this kind, remedial in their character, where their language and phraseology will permit, should avoid as far as possible the hardships which would arise from a strict and rigid construction

Lord *et al. v.* Burke.

on the one hand, and the consequent abuses from a lax and liberal construction on the other, while they should give to the party who had merits in his case, the fruits of his diligence. They should cut off all those cases devoid of merit, prosecuted simply for hindrance and delay.

The statute under consideration, however, is one which admits of very little latitude of construction. It provides, that when it is out of the party's power to appeal from the justice's decision in the ordinary way, within the time limited by law, and setting forth facts in a petition showing why it was out of his power to appeal, and also showing a meritorious cause of action, he shall be entitled to the writ of *certiorari;* but, in every instance, it must appear clearly that it was out of the party's power, by reason of sickness, absence of the justice and clerk, or their refusal to allow him to take the appeal in the time limited by law, or some other reason equally good.

I apprehend that a proper construction of this section of the statute would require a party desiring to appeal from the decision of a justice of the peace, to use something more than ordinary diligence to perfect his appeal, before he would be entitled to bring the cause into the Circuit Court by writ of *certiorari;* nor is it the particular sum in controversy, or the hardship of the case which will dispense with this diligence.

In the case under consideration, the plaintiffs in error had but five days to take an appeal. Our statute, in relation to the trial of the right of property, having limited it to that time, was it out of their power to take the appeal in that time? It is true that their counsel communicated the result of the trial to them at St. Louis by the first mail. How often the mail passed back and forth in a week we are not informed, it may not have returned from St. Louis until after the expiration of the five days; or even if it was a tri-weekly line, it is not always the most safe and expeditious way of transacting business, and even if this could be called any diligence at all, it is clearly not sufficient. A person might have easily rode from the place of trial to St. Louis, (fifty miles,)

procured the necessary power of attorney to execute the appeal bond, and have returned back in four days, leaving one day to perfect the appeal in. The Court cannot lay down a positive rule applicable to cases of this kind, as each one must depend more or less upon its own facts and circumstances. In the case under consideration, we are of opinion that the plaintiffs in error have shown no sufficient diligence to authorize them to prosecute a writ of *certiorari* in this case, and that the Court below did not err in dismissing it.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*